## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **CRAIG CUNNINGHAM,** | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **DONALD NEMEC, SOLSTICE** | § **Civil Case No.: _____** |
| **SUPPORT SERVICES LLC,** | § |
| **MICHAEL BARSOUM AND ADAM** | § |
| **BONALANZA,** | § |
| | § |
| **Defendants.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. The Plaintiff in this case is Craig Cunningham, a natural person and is resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, Ste 248, Nashville, TN 37211

2. Donald Nemec is an individual and may be served at 9112 Camp Bowie West #302; Fort Worth, TX 76116.

3. Solstice Support Services LLC is a California limited liability company which may be served at via its registered agent, Michael Barsoum at 3701 Long Beach Blvd., Ste 303B, Long Beach, CA  90807.

4. Michael Barsoum is an individual who may be served at 3701 Long Beach Blvd., Ste 303B, Long Beach, CA  90807.

5. Adam Bonalanza is an individual who may be served at 3701 Long Beach Blvd., Ste 303B, Long Beach,CA  90807.

### Jurisdiction

6. Jurisdiction of this court arises as the acts happened in this district.

7.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

8.   This Court has personal jurisdiction over Defendants because Defendants conduct a significant amount of business within this District.

9.   Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conduct a significant amount of business within this District, because the wrongful conduct was emanated from this District, and because Defendant is headquartered in this District.


## FACTUAL ALLEGATIONS

10.    In 2015 and/or 2016, the Plaintiff received one or more phone calls to the Plaintiff's cell phone (615-331-7262) which connected the Plaintiff to an agent. The Plaintiff received Defendants' calls on more than one occasions.  While Plaintiff is still in the process of logging the calls, to date, the following calls from Defendants and/or their agents are identified:  7/13/2015 from 561-537-5690;  7/13/15 from 561-327-6004 (2 calls) and 7/14/15 (3 calls);  7/14/15 from 727-379-0698 ; 7/21 and 7/22 from 561-327-6004; 7/28/15 from 978-774-0982;  and on 8/21 and 8/24 from  631-782-6377

11.  Each of the calls started with a pre-recorded message after several seconds of dead air time.

12.  When the calls connected to an agent, the Plaintiff was not told who he was called by.  Instead, upon learning of a debt relief program, the defendant Solaris suggested that the plaintiff retain the services of Donald C. Nemec.  In every call, the Plaintiff noticed a

PLAINTIFF'S ORIGINAL COMPLAINT - 2

delay between answering the phone and the call connecting with a live person, which is characteristic of an automated telephone dialing system. Further, a prerecorded message was conveyed to the plaintiff.   After speaking to the defendant Donald Nemec, he stated that he had once contracted with the defendant Solaris in order to obtain additional clients, and that the defendant Solaris was responsible for making the automated telephone dialing calls with a pre-recorded message.

13.  The content of the telephonic message included a solicitation for debt relief services related to credit card debt.

14.  This is just one of many harassing calls the Plaintiff has received and as National Health Insurance Company is just content to knowingly call what could be wrong numbers, the Plaintiff is therefore subjected to multiple harassing phone calls.

15. The Defendant also used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227(b) and 47 USC 227(c)(5) as codified under 47 CFR 64.1200(b)

16.  The calls violated 47 USC 227(b) as the calls were automated and placed to the Plaintiff's cell phone without the Plaintiff's consent and without an emergency purpose.

17.  The calls violated 47 CFR 64.1200(b) as the artificial or pre-recorded message failed to state at the beginning of the message the identity of the business, individual, or entity that is responsible for initiating the call. In fact, no name was given for the entity placing the call and even the agents only stated who they were calling from after the Plaintiff asked repeatedly.

18. These calls were knowingly and willfully placed and the Defendants had or should have ascertained they were calling the wrong person.

PLAINTIFF'S ORIGINAL COMPLAINT - 3

**Actual Damages**

19.  Plaintiff has suffered actual injury as a result of Defendant's telephone calls,

including, but not limited to:

> • Reduced Device storage space;
>
> • Data usage;
>
> • Plan usage;
>
> • Lost time tending to and responding to the unsolicited texts;
>
> • Invasion of Privacy and loss of concentration

## CAUSE OF ACTION:

### Violations of the Telephone Consumer Protection Act (TCPA)

20.  Plaintiff Cunningham incorporates by reference all of the above paragraphs of

this complaint as though fully stated herein.

21.  The foregoing actions by the Defendants constitute multiple breaches of the

TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's

cell phone.

## PRAYER

A.   WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that

judgment be entered against Defendants as follows:

B.  Statutory damages of $3000 for each phone call

C.  Pre-judgment interest from the date of the phone calls.

D.  Enjoining the defendant and its agents from additional violations by naming the

telemarketers that they are using;

E.  Attorney's fees for bringing this action as incurred;

PLAINTIFF'S ORIGINAL COMPLAINT - 4

F.  Costs of bringing this action; and

G.  For such other and further relief as the Court may deem just and proper

**Dated:** March 8, 2017

*/s/ Aaron K. Mulvey*

Aaron K. Mulvey
State Bar No. 24060309
**The Law Offices of Aaron K. Mulvey, PLLC**
518 N. Manus Dr.
Dallas, TX 75224
Tel: 214-946-2222
Aaron@MulveyLaw.com